UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. DONOVAN,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM KELLEY, et al.,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*   Civil Action No. 13-cv-12210-IT<br>*<br>*<br>*<br>* |

ORDER

July 25, 2014

TALWANI, D.J.

Magistrate Judge Collings issued two Reports and Recommendations [#40, 41] in this case, the first on June 27, 2014 and the second on June 30, 2014. The Parties thus had until July 11, 2014 to object to the first Report and Recommendation and until July 14, 2014 to object to the second Report and Recommendation. Plaintiff filed his objections [#43] to Magistrate Judge Collings's first Report and Recommendation on July 14, 2014. As Defendants point out,[1] Plaintiff's objections are therefore untimely. Nevertheless, given the potential for confusion regarding the correct deadline and the fact that Plaintiff is pro se, this court considered Plaintiff's objections as if they had been timely filed.

After considering Plaintiff's objections, however, this court ACCEPTS and ADOPTS both of Magistrate Judge Collings's Reports and Recommendations [#40, 41]. Plaintiff, in his objections, makes factual arguments as to why his claims should not be dismissed and why a

---

[1] See Opp'n Pl.'s "Mot. 120 Days Leave," 1 [#45].

"jury must decide" his claims.[2] Magistrate Judge Collings, however, recommended dismissing Plaintiff's federal-law claims as a matter of law. As such, Plaintiff's factual arguments do not survive, legally, to reach a jury. Specifically, Magistrate Judge Collings recommends, inter alia, that Defendants' Motion to Dismiss [#27] be ALLOWED as to the federal claims in Counts II, III, and IV, so that those claims be dismissed with prejudice, and that Counts I, IV, and V, to the extent that they allege state-law claims, be dismissed without prejudice to Plaintiff asserting them in a state-court proceeding. Any objections, therefore, that Plaintiff has, insofar as they relate to his state-law claims, may be raised in a new proceeding in state court.

Further, Plaintiff's Motion for 120 Days Leave [#44] amounts to a request for additional time to move for leave to amend his complaint. A request to amend Plaintiff's complaint is far too late. Plaintiff filed his complaint on September 6, 2013, and this court already allowed him to amend his complaint once.[3] And although Plaintiff claims to have retained an attorney, none has appeared in this case. Pursuant to Magistrate Judge Collings's recommendation and this court's order, Plaintiff may pursue his state-law claims, with the help of an attorney, if he so wishes, in state court. For these's reasons, Plaintiff's motion is DENIED.

ACCORDINGLY,

1. Defendants' Motion to Dismiss [#27] is ALLOWED as to the federal claims in Counts II, III, and IV. Counts I, IV, and V, to the extent that they allege state-law claims, are dismissed without prejudice to Plaintiff asserting them in a state-court proceeding.

2. Defendants' Motion to Dismiss [#10] is MOOT.

---

[2] Pl.'s Listed Objections Report & Recommendation Mot. Dismiss Defs. (#27), 2 [#43].

[3] See Electronic Order [#26] (allowing Plaintiff's motion to amend his complaint).

3. Plaintiff's Motion for Preliminary Injunction [#31] is MOOT.

4. Plaintiff's Motion for 120 Days Leave [#44] is DENIED.

IT IS SO ORDERED.

Date: July 25, 2014

/s/ Indira Talwani
United States District Judge